UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TORRI D. WILLIAMS,

          Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

          Defendant.
_____/

Case No. 1:24-cv-1205

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendant is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendant is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does

2

not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. (Compl., ECF No. 1, PageID.2.) The events about which he complains, however, occurred at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. (*Id*.) Plaintiff sues the Michigan Department of Corrections. (*Id*., PageID.1–2.) In the caption he presents the Defendant as "Michigan Department of Correction Bureau of Healthcare" (*id*.,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros*.); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

PageID.1); in the listing of parties, he presents the Defendant as "Michigan Department of Correction Health Department" and provides the LRF address (*Id.*, PageID2).

The Court construes the complaint as alleging that the MDOC Health Department at LRF failed to properly treat Plaintiff's medical condition, which apparently related to fungal infections and rashes. (*Id.*, PageID.3.) Additionally, Plaintiff reports that "[t]here is mold and running water in the bathroom and shower area." (*Id.*)

Plaintiff attaches to his complaint several pages of Health Care Request forms, some of which he sent while he was at AMF (ECF No. 1-1, PageID.15–16, 19), and some he sent while he was at LRF (*id.*, PageID.17, 21). Plaintiff also includes several pages of MDOC Kite Responses to Plaintiff's Health Care Requests from AMF personnel during September and October 2024. (ECF No. 1-1, PageID.8–13.) Finally, Plaintiff provides pages from grievances that Plaintiff filled out, some at AMF (ECF No. 1-1, PageID.18, 22), and some at LRF (*id.*, PageID.14, 20). Generally, it is not clear whether Plaintiff filed the grievances.

Plaintiff seeks damages for his pain and suffering and psychological, mental, and emotional distress. (Compl., ECF No. 1, PageID.4.)

**II.    Montoyo McKinney**

In the caption of the complaint, when listing the plaintiffs in this action, Plaintiff lists not only himself, but also prisoner Montoyo McKinney, #678332. (*Id.*, PageID.1.) Plaintiff also lists Mr. McKinney as a plaintiff when he identifies the parties. (*Id.*, PageID.2.) There is no mention of Mr. McKinney in Plaintiff's factual allegations or request for relief. (*Id.*, PageID.3–4.) Moreover, Mr. McKinney did not sign the complaint. (*Id.*, PageID.4.) Plaintiff mentions Mr. Mckinney once: on a grievance form Plaintiff filed at AMF. (ECF No. 1-1, PageID.22.) The grievance is dated October 20, 2024. (*Id.*) There is no indication the grievance was filed. (*Id.*) The grievance, drafted

4

at AMF, is based on an incident on November 1, 2023, apparently during a time that both Plaintiff and Mr. McKinney were housed at LRF.² (*Id.*)

A party in federal court must proceed either through a licensed attorney or on his own behalf. 28 U.S.C. § 1654; *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."). Plaintiff Williams is not an attorney. Therefore, Plaintiff cannot present claims in this Court on Mr. McKinney's behalf. Moreover, Plaintiff lacks standing to present the claims of Mr. McKinney on Plaintiff's own behalf. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989*)*; *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992).

Because Mr. McKinney has not signed the complaint, he is not a party to this action. Therefore, because Plaintiff cannot raise claims relating to Mr. McKinney, the Court construes the complaint as raising claims regarding the failure to treat Plaintiff's medical needs and conditions of confinement, and not Mr. McKinney's medical needs and conditions of confinement.

### III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

---

² Mr. McKinney remains at LRF. MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=678332 (last visited Jan. 6, 2025).

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff's claims regarding the failure to treat his medical condition and the poor conditions in the bathroom and shower area implicate the protections of the Eighth Amendment.

The only Defendant named by Plaintiff is the MDOC, and the "MDOC is not a 'person' who may be sued under § 1983 for money damages." *Smith v. Weers*, No. 17-1504, 2018 WL 2087122, at *2 (6th Cir. Jan. 2, 2018) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *see also Harrison v. Mic*higan, 722 F.3d 768, 771 (6th Cir. 2013) ("We have consistently

6

held that neither MDOC nor the parole board is a "person" that may be sued for money damages under § 1983."); *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) ("[T]he court properly found that the MDOC is not a 'person' within the meaning of 42 U.S.C. § 1983."). The same is true for the MDOC Bureau of Healthcare. *See, e.g.*, *Vasquez v. Mich. Dep't of Corr. Bureau of Healthcare Svcs.*, No. 1:24-cv-503, 2024 WL 4297484, at *1 (W.D. Mich. Sept. 26, 2024) ("Defendant . . . MDOC Bureau of Healthcare Services [is] . . . not a 'person" who may be sued under § 1983 for money damages."); *Powell v. State Bureal*, No. 3:22-cv-12496, 2023 WL 3129455, at *3 (E.D. Mich. Apr. 27, 2023) ("Neither . . . the MDOC [nor] its Bureau of Health Care Services . . . [are] 'person[s]' subject to suit under § 1983."). And, neither the medical department of any particular prison nor its "medical staff," as a group, are "persons" subject to suit under § 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006) ("A prison's medical department is not an entity with a corporate or political existence, and may be seen as nothing more than an arm of the TDOC."); *Anderson v. Morgan Cnty Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) ("[T]he "medical staff" at MCCC is not a 'person' subject to suit under § 1983.")

Because Plaintiff has failed to identify any person who acted under color of state law to violate his constitutional rights as a defendant, he has failed to state a claim upon which relief may be granted.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court

7

concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  January 13, 2025                                  /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          United States Magistrate Judge